It appeared upon the trial that the plaintiff was arrested and taken before two justices of the peace, under a State's warrant which charged him with feloniously stealing a negro man named John, the property of the prosecutor; that the two justices heard the case and adjudged
the plaintiff to be guilty of the charge, issued a mittimus, and (144) placed him in the custody of the officer to be carried to jail; that the plaintiff then broke custody, and it did not appear that he had ever been legally discharged from the prosecution for the said felony by the magistrates or by proclamation in open court, or by the verdict of a jury and order of court, although the papers in the cause were all returned to court. His Honor being of opinion that the plaintiff had failed to show a legal discharge from the prosecution for the felony, he was nonsuited; and afterwards moved to set aside the nonsuit and to have a new trial granted upon the ground that the court had erred in the matter of law, and that it ought to have been left to the *Page 113 
jury to decide whether the plaintiff had been discharged by the magistrates or not. This motion was overruled, and the plaintiff appealed.
There was no evidence in the case to be left to the jury that the justices had discharged the plaintiff; but the evidence was directly the other way, that they had convicted him and committed him to jail. Before the plaintiff could support his action for a malicious prosecution or arrest, it must appear that the prosecution was legally determined. Hunterv. French, Will, 517; Morgan v. Hughes, 2 Term, 225; Fisher v. Bristow, Doug., 215. In this case the plaintiff did not show any legal determination of the proceedings on said warrant.
PER CURIAM. Affirmed.
(145)